**UNITED STATES of America**

v.

**DYNA–TEX, INCORPORATED, a Tennessee corporation, et al.**

**Civ. A. No. 7688.**

United States District Court,
E. D. Tennessee, N. D.

March 21, 1973.

See also, D.C., 372 F.Supp. 278.

John L. Bowers, Jr., U. S. Atty., Robert E. Simpson, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John M. Norris, Cheek, Taylor & Groover, Knoxville, Tenn., John M. Davis, Wartburg, Tenn., David M. Pack, Atty. Gen., William Hubbard, Deputy Atty. Gen., Nashville, Tenn., J. Polk Cooley, Rockwood, Tenn., for defendants.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

On March 1, 1973, this Court filed a memorandum and order requiring this case to be set down for proof on the question of whether Dyna-Tex, Inc. was insolvent, and if so, when it became insolvent. Several hours of proof was heard on that subject, from which the Court concluded that the overwhelming preponderance of the evidence, if not the entire evidence, established to a reasonable certainty that Dyna-Tex was insolvent within the meaning of Title 31 U. S.C. § 191 as of September, 1969 and for some time prior thereto. Section 191 provides in pertinent part as follows:

"Whenever any person indebted to the United States is insolvent, . . . the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

Insolvency has been defined in interpreting this statute as the liabilities of an estate exceeding the assets. See, United States v. Oklahoma, 261 U.S. 253, 43 S.Ct. 295, 67 L.Ed. 638 (1923).

The proof showed that a judgment against Dyna-Tex was procured by Automatic Heating & Air Conditioning Company, Inc. in the Morgan County Equity Court for $27,640.43. This judgment was affirmed by the Court of Appeals of Tennessee and is presently unsatisfied and amounts to $35,864.00. The suit was filed October 1, 1968 to perfect a lien on the property. On September 30, 1969, the Chancellor entered a lien against the lands and buildings of Dyna-Tex. A final decree was filed in the Court of Appeals on July 8, 1970 enforcing the mechanics and materialmen's lien.

Dyna-Tex is presently indebted to Plateau Electric Co-op in the amount of $46,571.94. In April of 1970, Dyna-Tex owed Plateau Electric over $9,000.00 and in May of that year in excess of $13,000.00.

The total taxes from 1969 to the present owed by Dyna-Tex to Morgan County amounts to $15,170.11. American National Bank held a note in the amount of $275,976.62, which has been past due since January, 1969. As of April 30, 1970, approximately $200,000.-00 of this debt was charged off by the bank as uncollectible.

At the time Dyna-Tex closed in April of 1970, it had only four remaining employees. Mr. O'Connor, the general manager, stated as of that date Dyna-Tex's debts exceeded its assets. Prior to

April of 1970, Holiday Inn had purchased 750,000 shares for $750,000.00. In early 1970 they sold their shares for one dollar.

A witness from the Small Business Administration who appraised the property owned by Dyna-Tex estimated the total value of its realty, equipment, fixtures, and after-acquired property at $1,059,000.00 in June, 1970. There was some additional rolling stock later valued at $9,900.00.

Mr. Fairchild became the caretaker of the Dyna-Tex property in April of 1970 and has remained the caretaker until the present.

Holiday Inn purchased a note from Dyna-Tex which was secured by a deed of trust in excess of $200,000.00.

Between September, 1970 and January, 1971, Dyna-Tex made several payments to the State of Tennessee for back sales taxes.

Defendants' only witness, Mr. Pemberton, stated that he was an accountant, but cross-examination showed that he was not certified. His testimony indicated that he was more of a bookkeeper than an accountant and apparently knew little of the financial condition of Dyna-Tex.

An audit made by Harris, Kerr, Forster & Company on November 30, 1969, filed as Exhibit 11, is of little value in determining the value of Dyna-Tex's assets. A preface to the report itself concludes "because of the foregoing factors and since we are not in a position to determine the realizable values of the assets, we are unable to express an opinion on the accompanying Balance Sheet as a whole."

The Court finds that the reasonable fair market value of the assets of Dyna-Tex as of June 19, 1970 was $1,068,900.00. There was no appreciable difference in the value of these assets between September, 1969 and June 19, 1970. The liabilities as of September, 1969, and April 30, 1970 were approximately $1,820,000.00, excluding the principal owed on the Holiday Inn mortgage.

In addition to being insolvent on and before September, 1969, Dyna-Tex committed one or more acts of bankruptcy, namely, while insolvent it permitted a creditor to obtain a lien upon its property through legal proceedings and such lien was not discharged within thirty days; and Dyna-Tex, while insolvent, gave a preferential treatment to certain creditors over others.